UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DONTAE WILLIAMS,

                                  Petitioner,

           -v.-                                                  9:07-CV-0545
                                                                             (DNH)(RFT)

DARWIN LACLAIR,

                                  Respondent.

---

APPEARANCES:                              OF COUNSEL:

DONTAE WILLIAMS
02-B-0016
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821
Petitioner, *pro se*

HON. ANDREW M. CUOMO              JODI A. DANZIG, ESQ.
New York State Attorney General        Assistant Attorney General
120 Broadway
New York, NY 10271
Attorney for Respondent

RANDOLPH F. TREECE
United States Magistrate Judge

## **DECISION and ORDER**

### **I. INTRODUCTION**

      Petitioner Dontae Williams filed a Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 challenging a judgment of conviction rendered in Oneida County Court on December 20, 2001. Dkt. No. 1 at 1. In July 2007, Petitioner filed Motion to Stay this matter. Dkt. No. 6. Petitioner requested the stay so that he could exhaust in state court new claims that he was denied effective assistance of counsel and that his indictment was based on perjured testimony. *Id.* at 4. Respondent opposed the stay asserting that (1) Petitioner has not established good cause for the stay and (2)

Petitioner's claim regarding the perjured testimony is meritless. Dkt. No. 8. By Order of this Court filed on November 5, 2007, Petitioner's request for a stay with respect to his ineffective assistance of counsel claims was denied without prejudice to renew. Dkt. No. 10. The remainder of Petitioner's stay request was denied on the merits. *Id*. Petitioner appealed this Court's November 7, 2007 Order to both the District Judge assigned to this case and to the Second Circuit Court of Appeals. Dkt. Nos. 13 & 14. The Second Circuit denied Petitioner's request for a Certificate of Appealability. Dkt. No. 23. District Judge David N. Hurd denied Petitioner's appeal from the November 7, 2007 Order. Dkt. No. 25. Currently before the Court is Petitioner's renewed Motions for a Stay and to Amend his Amended Petition. Dkt. No. 12. Respondent opposes the Motions. Dkt. No. 17.

## II. DISCUSSION

### A. Permission to Amend

Petitioner seeks permission to amend his Amended Petition, presumably to include the new claims that he raises in his renewed Motion to Stay (which will be discussed below). Dkt. No. 12 at 1.

The Local Rules of Practice of the Northern District of New York provide that a party moving to amend a pleading "must attach an unsigned copy of the proposed amended pleading to its motion papers. Except if the Court otherwise orders, the proposed amended pleading must be a complete pleading, which will supersede the original pleading in all respects. A party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference." N.D.N.Y.L.R. 7.1(a)(4). One of the purposes of the requirement that an amended pleading be itself a complete pleading is to ensure that all of the allegations asserted against the parties are contained in a single document, thereby reducing the likelihood that a party will overlook one or more allegations against him. Moreover, this

2

requirement eliminates the confusing nature of "piecemeal" amended complaints.  *See Rodriguez v. Tedford*, No. 95-CV-745, slip op. at 2 (N.D.N.Y. Nov. 7, 1995) (Hurd, M.J.).

Petitioner has not complied with the Local Rules of this District in seeking permission to amend his Amended Petition.  He has not submitted a proposed second amended petition with his Motion.  Petitioner's Motion to Amend is therefore **denied**.

### B.  Motion for a stay

Petitioner's renewed request for a stay expands considerably upon his prior request for a stay.  Dkt. No. 12.  Petitioner indicates that he wishes this proceeding stayed so that he may exhaust the following claims in state court: (1) ineffective assistance of trial counsel; (2) the prosecution withheld material favorable to the defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963);[1] (3) the state court denied Petitioner access to the Court; (4) Petitioner was "the victim of a vindictive prosecution;" (5) the prosecution failed to prove intentional murder beyond a reasonable doubt; (6) the trial court erred when it failed to give an interested witness charge; and (7) "the trial court erred in not conducting a Ventimiglia hearing to determine [the] admissibility of alleged uncharged crimes."  Dkt. No. 12 at 7.  Petitioner states that his "previous abeyance motion was inartfully drafted and the product of inexpert draftmanship [sic] because: 1) [he] did not include all of the issues within the motion that he wished to exhaust and amend in the habeas petition; and, 2) with regard to the perjury/indictment question, due to lack of professionalism in raising the question, this Court misapprehended the legal theory presented

---

[1] Petitioner claims that the prosecutor failed to disclose to defense counsel, the grand jury, and the trial court "the fact that Williams co-defendant was charged and convicted of perjury in connection with the co-defendant's statement; which was the basis of the indictment; as well as the only evidence establishing the element of intent with regard to the murder charge against Williams."  Dkt. No. 12 at 6.  Petitioner also claims that the prosecutor "failed to disclose the full terms of the cooperation agreement extended to a prosecution witness in exchange for that witness' trial testimony which criminally implicated Williams."  *Id*. at 7.

3

as one not rising to one cognizable on federal habeas review."[2] *Id*. at 3.

As the Second Circuit recognized in *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001), *cert. denied*, 122 S.Ct. 506 (2001), the procedural complexities confronting a *habeas* petitioner proceeding under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are considerable. In cases where the petitioner seeks to pursue additional unexhausted claims in state court, as well as cases where the court is presented with a "mixed petition" containing both exhausted and unexhausted claims, the district court must consider both the timeliness of any subsequent petition and the impact of the AEDPA's limitations on second or successive petitions in determining the proper disposition of the petition. The Second Circuit ruled in *Zarvela* that, when presented with a mixed petition, the district court may dismiss without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies; however if dismissal would "jeopardize the timeliness of a collateral attack" the district court should stay the petition. *Zarvela*, 254 F.3d at 380. The Second Circuit went on to state that any stay must be "appropriately conditioned," so that a petitioner is not permitted "to take an undue amount of time to pursue state court remedies." *Id*. The Second Circuit stated:

> Therefore, where a district court elects to dismiss only unexhausted claims and stay proceedings as to the balance of the petition, the court should condition the stay on the petitioner's initiation of exhaustion within a limited period, normally 30 days, and a return to the district court after exhaustion is completed, also within a limited period, normally 30 days. With the time to initiate exhaustion and to return to federal court thus limited, a stay of the exhausted claims will often be preferable to a dismissal of the entire petition because such a stay will reflect the continued viability of the initially filed exhausted claims.

*Id*. at 381.

---

[2] Petitioner raised this second argument on appeal to the District Judge; District Judge Hurd denied Petitioner's appeal on all grounds. Dkt. No. 25.

4

In this case, based on the dates provided in the Amended Petition, Petitioner's conviction became "final" for purposes of the AEDPA on or about June 29, 2006[3] and the one year statute of limitations began to run on that date. Because dismissal of this Amended Petition may jeopardize Petitioner's ability to timely file a renewed petition after state court exhaustion is complete, a stay is clearly preferable.

Accordingly, in light of *Zarvela*, and in order to preserve the viability of any exhausted claim(s), further proceedings in this matter are hereby stayed in order that Petitioner may promptly pursue his unexhausted claim(s) in state court and, if necessary, return to this court after exhaustion is complete.[4]

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Petitioner's Motion to Amend his Amended Petition (Dkt. No. 12) is **DENIED**, and it is further

**ORDERED**, that Petitioner's Motion to Stay this action (Dkt. No. 12) is **GRANTED**, and further proceedings in this matter are hereby **STAYED**, on the following terms and conditions: **Within thirty (30) days** of the filing date of this Order, Petitioner shall commence in the appropriate state court one or more post-conviction proceedings by which he asserts the claims for relief which formed the basis of his stay request; and it is further

---

[3] A judgment of conviction generally becomes final under the AEDPA at the conclusion of the ninety days during which the party could have sought certiorari in the United States Supreme Court. *Hughes v. Irvin*, 967 F. Supp. 775, 778 (E.D.N.Y. 1997) (citing Rule 13 of Rules of the Supreme Court of the United States).

[4] To the extent that any of Petitioner's state court proceedings address **new** claims, Petitioner is advised that once any **new** claim is fully exhausted in state court, **he must file a motion to amend his Petition to set forth the additional, newly exhausted claim**.

**ORDERED**, that Petitioner advise the Court, **within sixty (60) days** of the filing date of this Order, and, if a decision has not yet been reached in state court, **every subsequent sixty (60) days thereafter**, of the status of his state court proceeding(s); and it is further

**ORDERED**, that **within thirty (30) days** of the resolution of Petitioner's state court proceeding(s), Petitioner must advise the Court in writing of the outcome thereof and must also provide a copy of the state court decision(s) concerning the disposition of the newly exhausted claims; and it is further

**ORDERED**, that if Petitioner fails to comply with the terms of this Order, the stay shall be lifted and the file in this matter returned to the Court for further consideration; and it is further

**ORDERED**, that Respondent's obligation to respond to the Amended Petition is **STAYED** pending further Order of this Court, and it is further

**ORDERED**, that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Date:   June 27, 2008

   Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge